## CIRCUIT COURT OF GOOCHLAND COUNTY

Denise Matthews et al.

v.

Harry P. Anderson, Jr.,
Executor of the Estate of
Andrew Jackson Matthews, Deceased,
and Donna M. Wickham

December 5, 1990

Case No. C90-40

By JUDGE F. WARD HARKRADER, JR.

I have reviewed [the] briefs regarding the above-captioned Declaratory Judgment action.

As counsel have suggested, there are two maxims of the law buttressed by general statutes in Virginia, from which we must seek guidance in this case in those areas where the statutory law leaves room for doubt. They are first, that a slayer should not be allowed to profit by his felonious acts, the other is that the law does not contemplate the forfeiture of that which is unrelated to a wrongful act.

Dealing first with § 55-405 of the Code of Virginia. This section appears to deal specifically with the situation presented to us by the Shallowell residence of the Matthews, held by them as tenants by the entirety with right of survivorship. It is clearly the intent of this section that the slaying sever the tenancy, with one-half of the property going to the estate of Shirley Matthews, and the other one-half passing under the will of Jack Matthews. While counsel for the plaintiffs argues that this brings about a violation of the maxim that the slayer should not profit from his crime, in effect he has not since

the tenancy by the entirety is a legal fiction which at any time, under certain circumstances, might have been dissolved into a tenancy in common, with each owner entitled to a one-half interest. In consequence, the estate of Jack Matthews gains nothing but retains only the half interest which was the underlying possessory skeleton for tenancy by the entirety. The statute declares this result, the decision of the Supreme Court of Virginia in *Sundin v. Klein*, 221 Va. 232 (1980), reached the same result and remedy by way of constructive trust prior to the enactment of Section 55-405. For this Court to attempt to fashion a different remedy, where we already have one fashioned by the Supreme Court and sanctioned by the General Assembly, would be inappropriate. Counsel for the plaintiffs would persuade us that § 55-408 governs, and the language of that section suggests that argument; however, it is the accepted rule of statutory construction that the specific takes precedence over the general, unless there is a clear intent that the conflicting general statute is intended to repeal the specific governing statute. In this case § 55-405 is specific to the situation which is the subject of this controversy. There is absolutely no evidence of an intent to repeal § 55-405, in the adoption of § 55-408, both being products of the same legislative session, consequently, the specific statute must govern.

We next consider the application of § 55-403, as it applies to the property identified in paragraph six of the Bill of Complaint. It would appear that this section is not applicable to any of the therein-described property, all of which appears to be the exclusive property of Jack Matthews, with the possible exception of the $227,000.00 in the safe deposit box in the name of Mr. Powers and Doris Martin, neither of whom make claim against this money and each of whom have waived their interest in favor of the estate of Jack Matthews.

Plaintiff's counsel argue again that § 55-408 applies in such a way as to require setting aside dower for a slain wife who predeceases her husband, and further that it requires that she be allowed posthumously through her executor or administrator to elect against the will of the slayer. In this case, again, as with § 55-405, we believe that the specific language set out in § 55-403, both as it is now applicable, and in its amended form

effective January 1, 1991, deals directly with the issue in controversy, and both in its existing and amended form, it requires that the slayer be deemed to have predeceased the decedent only as to property which would have passed from the estate of the decedent to that of the slayer under the statutes of descent and distribution, or which would have required dower or curtesy from the estate of the decedent to pass to the estate of the slayer. Since Section 55-403 has been addressed by the General Assembly, as late as 1990, and § 55-408 is a product of the 1981 Assembly, there is certainly no indication of an attempt to repeal § 55-403. Here again, the general must be rejected in favor of the specific.

The purpose of the dower historically is to provide for the widow upon the death of the husband, or for the husband upon his wife's death, in the case of curtesy. Consequently, there can be no setting aside of dower for the wife where she predeceases the husband, likewise, we are aware of no provision of law which would allow an election by the wife's estate or heirs to posthumously renounce the will of a surviving husband, even if he be a slayer. We are unaware of any persuasive authority for this Court to accelerate the powers of equity to, in effect, attempt an equitable distribution after the death of both parties, even where a divorce suit was pending requesting such relief and even where one of the parties is the slayer of the other. Again, while an equitable result might be brought about, this Court does not find the unaided powers of equity so broad. There is insufficient evidence before the Court to allow the Court to reach final judgment as to all of the property contained in the estate. No ruling of the Court herein precludes the advancement of claims against any of the estates' contents. The principles annunciated should, however, govern claims.